THE JUNCTION RAILROAD COMPANY *v.* SAYERS and Another.

COVENANT.—VENDOR AND VENDEE.—Where a railroad company, in consideration of a license to change the course of a stream, agreed with the owner of a mill fed by said stream to dig a new channel and to construct certain levees, and after a breach on the part of the company, in failing to make the channel and levees in the manner agreed upon, the mill was conveyed to another, it was held that the latter could not maintain an action against the company on the agreement.

APPEAL from the *Wayne* Common Pleas.

RAY, J.—The appellees aver in their complaint that in the year 1853, one *Hamilton* was the owner of certain real

estate through which there is flowing a stream of water, on which stream, as appurtenant to said real estate, were then and still are situated a valuable flour-mill and saw-mill, both of which are propelled by water flowing from said stream; that at the date aforesaid, the appellant being then engaged in building its road, desired, at a point in the said land of *Hamilton*, to change the channel of the said stream, and it was agreed between said parties that the said company might so change the course of said water, on the following conditions: The appellant, in cutting the new channel through the point of a small elevation of land lying immediately below the point of departure of the two channels, should cut the channel to such a depth, and no lower, as would keep, preserve and maintain in the dam of said mills, at the head-gate, by which the water from said dam was passed into the millrace, a depth of water two feet higher than the water in the race when said race was full, and should also cut said new channel wide enough to carry off the water of said stream at flood, in times of freshets, and on the bank of said new channel erect and maintain a levee high enough and strong enough to protect said mills and other buildings, and said real estate itself, from damage by water.

The appellees allege that the company altered the channel of the stream, and the water has since been accustomed to flow in the new channel, but they aver that the appellant did not comply with said agreement in this: That the channel through the high ground above mentioned was made so narrow that it barely sufficed to carry off the surplus water not needed by the mills at the ordinary stage of water, and that owing to the narrowness of said cut or channel, the flood of water, in case of heavy rains, cannot escape, and that said company did not erect or maintain, on the bank of said new channel, a levee high enough or strong enough to prevent the water of the creek from damaging the mills and the real estate.

The appellees had purchased the real estate and mills in

the year 1855. It is also averred that in *April*, 1865, the vicinity of said mills was visited by heavy and protracted rains, creating a flood in said stream; and that owing to the insufficient width of said new channel, a large quantity of water accumulated in the dam and within the banks of said creek, and swept away the levee, which was poorly constructed, and caused great damage, &c.

The error assigned in this court was the overruling of a demurrer to this complaint.

It appears by the averments of the complaint, that the agreement to construct a new channel of proper depth and width, and a levee of sufficient strength, was broken by the appellant while the property was still owned by *Hamilton*, and we do not think that the subsequent sale of the property to the appellees transferred to them any right of action for the violation of the agreement. If the verbal agreement to make and maintain the channel could be regarded as a covenant, yet, the breach having occurred before the purchase by the appellees, they took the land as it was; and if the easement of the appellant in the land proves an incumbrance to the estate, the relief, if any, must be found in an action upon the covenants in the deed conveying the title to them.

In the discussion following the *Spencer's* case, 1 Smith's Lead. Cas., 165, it is said: "The current of *American* authority tends, with but little exception, toward the position that, on total breach, a covenant, though annexed to the realty, becomes a mere personal right, which remains with the covenantee or his executors, and does not descend with the land to heirs, nor run with it on any future assignment to third parties. Where the right of action falls, there it lies." The demurrer to the complaint should have been sustained.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*J. P. Siddall, B. F. Claypool* and *J. S. Reid*, for appellant.
*N. H. Johnson, G. Holland* and *C. C. Binkley*, for appellees.