Filed Dec. 30, 1885.

———◆———

No. 12,224.

## SINKER *v.* FLOYD ET AL.

REAL ESTATE.—*Action for Breach of Covenants in Deed.—Real Party in Interest.*—An action for a breach of covenants contained in a deed must be brought by the real party in interest, viz., the person entitled to the money recovered as damages.

PLEADING.—*Complaint.—Cause of Action.—Demurrer.*—Where the face of a complaint shows a cause of action in a third person, and not in the plaintiff, it is bad on demurrer for want of facts.

From the Decatur Circuit Court.

*J. W. Study* and *A. B. Young,* for appellant.

*J. D. Miller* and *F. E. Gavin,* for appellees.

ELLIOTT, J.—The appellant, Alfred T. Sinker, avers in his complaint that he sues for the use of Sarah A. Coates, and alleges that Mrs. Coates has sustained damages from a breach of the covenants contained in a deed executed to him by the appellees. It is also alleged that Mrs. Coates received from the appellant a deed, with full covenants, for the same land as that described in the deed executed by the appellees.

The position of the appellees' counsel is, that the complaint shows on its face that Sarah A. Coates is the real party in interest, and that, as the cause of action is in her, the appellant can not recover. The appellant's counsel contend that

Sinker v. Floyd *et al.*

the action may be prosecuted by the immediate grantor for the benefit of his grantee.

We are satisfied that under our code an action for a breach of covenant must be prosecuted in the name of the real party in interest, and that the real party in interest is the person entitled to the money recovered as damages. It is plain that Mrs. Coates, and not Mr. Sinker, is the person entitled to the damages resulting from a breach of the covenants in the deed executed by the appellees. The latter has suffered no loss, and is entitled to no damages, for he has sustained no injury.

Where the face of the complaint shows a cause of action in a third person, and not in the plaintiff, it is bad, because it does not state facts sufficient to constitute a cause of action. *Pence* v. *Aughe*, 101 Ind. 317. It seems quite clear to us that a plaintiff, who shows by the allegations of his pleading that the right of recovery is in another, can not maintain an action. This is the case here, for it affirmatively appears that Mrs. Coates, and not Mr. Sinker, is the only party entitled to recover, as she is the only person who has sustained a loss or suffered an injury.

We need not discuss the question whether Mrs. Coates, as a remote grantee, can maintain an action for the breach of the covenant of seizin, but it is not improper to refer to our decisions upon that question. *Dehority* v. *Wright*, 101 Ind. 382; *Wright* v. *Nipple*, 92 Ind. 310; *Wilson* v. *Peelle*, 78 Ind. 384; *Coleman* v. *Lyman*, 42 Ind. 289.

Judgment affirmed.

Filed Dec. 19, 1885.