(No. 18204.—Decree affirmed.)
ELMER WEECE, Appellee, vs. JOE GAUNT, Appellant.

*Opinion filed October 22, 1927.*

1. LEASES—*when right to declare a forfeiture does not pass to grantee—waiver.* Where a lease gives the lessor the right to cancel or declare a forfeiture in the event of its assignment or the sub-letting of any of the premises by the lessee, such provision is for the benefit of the lessor, and where he does not make any attempt to declare a forfeiture upon an alleged assignment or subletting by the lessee with his knowledge he elects to waive the covenant against assignment, and a party to whom he subsequently conveys the property cannot declare forfeiture on such ground.

2. SPECIFIC PERFORMANCE—*when burden is on defendant to establish affirmative defense to bill.* Where the complainant in a bill for specific performance bases his right on his exercise of an option to purchase from his lessor, the defendant, to whom the lessor has conveyed the property during the existence of the lease which contained the option, must establish, by preponderance of the evidence, his defense that the complainant agreed to surrender his option to enable his lessor to sell the property.

APPEAL from the Circuit Court of Pulaski county; the Hon. A. L. SPILLER, Judge, presiding.

FRED HOOD, for appellant.

CHARLES E. FEIRICH, and C. S. MILLER, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

August 20, 1924, Ed Affsprung and his wife executed a written lease demising two improved lots in the village of New Grand Chain, in Pulaski county, to Elmer Weece, appellee, and Adam Cange, co-partners, for a period of one year for the sum of $300 a year in advance, with the privilege of renewal, at the option of the lessees, for an additional period of two years under the same terms. The lease also granted to the lessees the option to purchase the premises during the life of the lease or any renewal for

the sum of $1800. March 26, 1925, appellant, Joe Gaunt, purchased the premises with full knowledge of the existence of the lease and its provisions. August 18, 1925, appellee undertook to renew the lease according to its terms, and when this was refused he elected to exercise his option to purchase the property and made a tender to appellant of $1800, but appellant refused to accept it. Thereafter appellant filed an action of forcible entry and detainer against appellee and Edna Victor. There was a judgment for defendants and an appeal to the circuit court. At the April term, 1926, of the Pulaski circuit court appellee filed his bill for specific performance of the agreement to sell the premises to him, making appellant and the Affsprungs parties defendant. The two cases were consolidated and heard by the chancellor. He entered a judgment in favor of the defendants in the forcible entry and detainer case and a decree awarding specific performance of the agreement to sell in the specific performance case. Appellant prosecuted an appeal from the orders entered in the consolidated cause.

The lease contained a provision forbidding the lessees to assign the lease or sub-let any part of the premises and giving the lessor the right to cancel the lease for its violation. October 11, 1924, Cange assigned his interest in the lease to appellee, and thereafter appellee made a working arrangement with H. O. Victor concerning the operation of the workshop in the garage. Appellant contends that this effected the cancellation of the lease and that appellee has no further rights under it. Affsprung knew of the transactions between Weece and Cange and Weece and Victor and made no attempt to declare a forfeiture of the lease. Conceding that the transactions were violations of the provision against assigning or sub-letting, the lessor elected to waive his right to declare a forfeiture and the lease remained in effect. (*Gradle* v. *Warner,* 140 Ill. 123; *Raybourn* v. *Ramsdell,* 78 id. 622; *Cheney* v. *Bonnell,* 58 id. 268.) The right to declare a forfeiture of the lease

for breach of its covenants occurring prior to the transfer did not pass to appellant when he purchased the property. (*Sexton* v. *Chicago Storage Co.* 129 Ill. 318; *Watson* v. *Fletcher*, 49 id. 498; *Barber* v. *Watch Hill Fire District*, 36 R. I. 236, L. R. A. 1915C, 245.) The covenant against assignment of the lease or sub-letting of the premises was inserted for the benefit of the lessor, and he alone could insist upon the covenant. He may waive it if he sees fit, and if he does not insist upon it no one else can. *Smith* v. *Goodman*, 149 Ill. 75.

Appellant contends, further, that appellee is estopped to insist upon a specific performance of the agreement to sell, for the reason that he consented to the sale of the property by Affsprung free from the options in the lease to renew and to purchase. This is a question of fact and depends upon the credit to be given the testimony of witnesses produced on the trial. Affsprung testified that he talked with appellee about selling the property on the evening of March 25, 1925. He says he told appellee that he wanted to get his money out of the property and asked him to exercise his option to buy it, and that appellee replied that he did not want it and that he could go ahead and sell it to someone else if he had a chance. Appellee testifies that Affsprung came to see him a number of times and urged him to exercise his option to buy the property and that he always told him that he did not have the money to pay for it. When Affsprung told him that he had a chance to sell to another, he did not tell Affsprung that he did not want the property but told him he did not then have the money with which to pay for it and that if Affsprung sold it to someone else he couldn't help it. Charles Bingham, a mechanic employed by appellee, says he was working under a car when the conversation between appellee and Affsprung took place, just prior to the sale to appellant. He heard Affsprung say that he wanted to sell the property and had a chance to sell it to another if appellee did not want it,

and that appellee replied that he did not have the money to pay for it then. G. H. Moore says that he saw appellee the day Gaunt purchased the property and remarked about Gaunt buying the property subject to the option, and that appellee then said he had told Affsprung that he did not want the property and that he could sell it to Gaunt if he wanted it. Frank Beck testified that appellee told him, about the time of the sale to Gaunt, he had had an opportunity to buy the place but that he did not have the money and did not want it. Alex Schoenborn says that appellee told him that he had released the options and told Affsprung he could sell the property to whomever he pleased.

The burden is upon appellant to establish by a preponderance of the evidence his affirmative defense to the bill for specific performance. Affsprung says that appellee surrendered his rights under the options contained in the lease, and appellee denies this. There is little corroboration of either of them. When appellee made the tender of $1800 to appellant, the latter did not say to him that he had released his option to buy the premises. If his claim be true, that would have been the natural response for him to make to a demand to convey the property. Will Talley says that when appellee said to appellant, "I have got the money for that deed," appellant replied, "I have no business with it; you will have to see Affsprung," and when appellee offered the money to Affsprung he said, "No, I won't take it; you will have to go over to Joe." These replies are inconsistent with the claim that a few months before appellee had surrendered his right to purchase the property for the purpose of enabling Affsprung to sell it to appellant free from the obligations of the options. The chancellor saw and heard the witnesses. We cannot say that his finding is manifestly against the weight of the evidence.

The decree of the circuit court is affirmed.

*Decree affirmed.*