## HILFIKER ET AL. *v.* FENNIG ET AL.

[No. 28,270. Filed December 5, 1946. Rehearing Denied January 8, 1947.]

*James J. Moran, Marguerite M. Hinkle* and *Frank B. Jaqua,* all of Portland, for appellants.

*Clarence A. Benadum,* of Muncie, *Robert R. Smith,* of Portland, and *Kenneth C. Hinshaw,* of Union City, for appellees.

RICHMAN, J.—On the day Henry Sheffer died, October 28, 1941, leaving a goodly estate in Jay County, there was a race to the court house for probate of two conflicting wills. The earlier bore date of March 29, 1933, with modifying codicils made in 1933 and 1939. The later will was signed August 2, 1941. Though it was term time for the Jay Circuit Court the clerk undertook the probate of the 1939 will and codicils. Before the records were completed and signed the attorney who drafted the 1941 will offered it for probate and at the same time filed written objections, signed by himself, to the probate of the 1933 will. The clerk ignored these objections and completed the records. The following day the regular judge, who had been a witness to the 1933 will, appointed an attorney as special judge who immediately qualified and in an *ex parte* proceeding confirmed the clerk's action. Within the statutory time two of the legatees under the 1941 will, represented by the objecting attorney, filed their formal complaint to contest the 1933 will upon the ground that it was revoked

by the 1941 will. The defendants named in the complaint were the beneficiaries under the earlier will and two persons nominated as executors, one of whom was appellant, Hilfiker. The heirs were not made parties. They later asked and were permitted to intervene and filed answer and cross complaint alleging that the first will and codicils were procured by undue influence, were unduly executed, and that the decedent was of unsound mind when he signed them. Hilfiker, represented by the attorney who had acted as special judge, filed a motion reciting that the heirs were "not proper parties to this action and were improvidently admitted as such" and he requested not only that the answer and cross complaint be stricken but also that the order granting the leave to intervene be vacated. The order book entry shows that "the court having examined said motion and having been fully advised in the premises, sustains the same, and said motion (sic) and cross complaint is now stricken out." By assignment of cross errors the heirs, who, with the two legatees of the 1941 will, are named as appellees herein, properly challenge this ruling as error. Examination of the record discloses that after the ruling they took no part in the proceedings below. Issues were afterwards made by denial and affirmative answer filed by Hilfiker as executor and the beneficiaries of the first will that at the time of his signing the 1941 will Sheffer was of unsound mind and unduly influenced and that it was unduly executed. Trial was without a jury. Much evidence was introduced as to the circumstances attending the execution of the 1941 will and decedent's mental capacity at that time. The court, asked to make special findings, found that he was then of sound mind, and that both wills were valid, but that the later revoked the earlier and its codicils. No issue was

made by the pleadings as to the validity of the 1933 will or codicils except as to their revocation by the 1941 will.

From statements of counsel made in oral argument it appears that two cases are pending involving the validity of one or both of the wills, but the existence of such cases, the court wherein pending, the parties and the issues are not shown by this record.

The Appellate Court, to which this appeal first came, held that the heirs were neither necessary nor proper parties to this action. The decisions in the cases cited as authority for that holding do not support it and the *dicta* therein are not persuasive. *McDonald* v. *McDonald* (1895), 142 Ind. 55, 41 N. E. 336, is not in point. In *Kinnaman* v. *Kinnaman* (1880), 71 Ind. 417, all of a decedent's heirs joined as plaintiffs in an action to contest his will. Some of them voluntarily dismissed the action as to themselves leaving as plaintiffs two heirs and the spouse of one of them. The court held that they might proceed with the action without naming as defendants the dismissing plaintiffs, stating that the action could have been begun by one or more of the heirs. It was an action in rem of which the heirs who later dismissed took notice by originally appearing as plaintiffs. Voluntarily going out of the case they could not afterwards complain of the judgment. The defendants claiming under the will lost nothing except the active opposition of the heirs who dismissed. The case thereafter assumed some of the characteristics of a class action with two of the heirs representing the class. Here the class was wholly unrepresented over the protest of all members of the class who after voluntary appearance were involuntarily excluded. *Morse* v. *Morse* (1873), 42 Ind. 365, was a case wherein a son and legatee under the will of a decedent sought to have the will declared

revoked because of the posthumous birth of another son for whom no provision was made in the will. This court said that "the posthumous child might have brought the action alone or jointly with the appellee but it was neither a proper nor necessary party *defendant*." (Our italics.) The statute referred to in the opinion is the predecessor of our present statute, § 7-504, Burns' 1933 (Supp.), which provides that in a suit to contest a will "the executor and all other persons beneficially interested therein shall be made defendants thereto." Of course they should. If not parties they are not bound by the judgment and if it sets aside the will another action becomes necessary before the plaintiffs' title as heirs can be set at rest. The law encourages single rather than multiple actions.

For that reason alone the heirs in this case, voluntarily appearing, should not afterwards have been excluded. Two wills stand in their way as heirs. If either be valid, they lose. They made by their cross complaint an issue upon the validity of the first will which if found for them would have been one step toward their recovery. This issue, without evidence, was attempted to be decided against their interest in their absence. Of course they are not bound by such decision. A similar issue was raised by the proponents of the first will against the validity of the second. If the heirs had remained in the case by amendment of their cross complaint they might have raised the same issue. The two appellee beneficiaries of the 1941 will say that the sustaining of Hilfiker's motion did not take the heirs out of the case, that it merely removed their answer and cross complaint. The inference from this contention is that they think the heirs are bound by the judgment that the second will was valid. We could not

so hold. After Hilfiker's motion was sustained, the parties remaining, and the court, treated the case as involving only beneficiaries of the two wills. The striking of their cross complaint left the heirs with nothing to amend. They were out for every purpose except on appeal to question the ruling which they have done.

While the statute, § 7-504, *supra,* provides that certain persons shall be, it does not provide that others may not be, made parties to a will contest. Whether the heirs were necessary parties we need not decide, though the desirability of disposing of the whole controversy in one action, and not piecemeal, supports such a holding. But unquestionably they were proper parties and having come in, it was error to put them out. So the judgment will have to be reversed.

Much time has elapsed since the death of Sheffer. It appears that all persons interested as heirs or as beneficiaries under the two wills are in court, unless some have died *pendente lite,* in which case the proper substitutions may be made. Issues can and should be made promptly upon which by one judgment, after one trial, the whole controversy may be settled. These issues may be raised by pleadings in this case, probably more simply than by consolidating it with the other cases pending. As to that the trial court should exercise a sound discretion.

In the trial the duty of going forward with the evidence and the burden of proof may be the subject of uncertainty unless we pass upon one other question raised in the appeal. We hold that the action of the clerk and the special judge in attempting to probate the first will was a nullity and the issues will stand as if no record of probate had been made. The attorney who drafted the second will and

who presented it for probate at the time when he objected in writing to probate of the first clearly was acting in the interests of the beneficiaries of the will drafted by him. Whether or not he then had authority so to act is not now important since they have confirmed his action by filing their formal complaint. Having the later will in his possession and its offer for probate was sufficient to show the clerk that the attorney was not a mere interloper.

The purpose of the informal objections required by § 7-503, Burns' 1933, is to give notice that a contest is contemplated. This was perfectly clear to the clerk. He had no judicial authority. As an administrative officer it was his duty to refrain from acting until the court, then in session, should direct action. The special judge when he acted also knew of the impending contest and instead of attempting to confirm the clerk's action he should have continued the matter for formal objections.

The judgment is reversed with instructions to overrule the motion which ejected the heirs, to permit and direct the making of issues upon which the three-sided controversy between the parties may be settled by one trial and one judgment and for further proceedings in harmony with this opinion. The costs of this appeal are adjudged against appellant Hilfiker.

NOTE.—Reported in 69 N. E. (2d) 743.