MICHAEL *v.* MITCHELL

[No. 17,555.   Filed June 6, 1947.   Rehearing denied
September 17, 1947.   Transfer denied
December 18, 1947.]

*Symmes, Fleming & Symmes and Owen S. Boling,* all of Indianapolis, attorneys for appellant.

*Frank W. Morton and Wesley T. Wilson,* both of Indianapolis, attorneys for appellee.

DRAPER, J.—The appellee brought this action against the appellant to recover the immediate possession of a building in Indianapolis, and for damages. This appeal is prosecuted from a verdict awarding appellee possession, and damages in the sum of $500.

The appellee filed her complaint in three paragraphs which are alike except as to the breaches of lease relied upon. The complaint discloses the following facts:

Sometime prior to April 15, 1943, a Mrs. Watson, the then owner, leased the property to appellant for a term of three years from that date with option for an additional two years. The lease required the appellant to pay a rental of $50 per month in advance on the 15th day of each month, and as an additional consideration for the lease and option, to install on or before Sep-

tember 1, 1943, at his own expense, a heating plant and water heater which were to remain in and become a part of the premises, and to paint the exterior of the property, at his own expense, on or before September 1, 1944.

The lease provided for forfeiture for the violation of any stipulation therein contained; waived demand for rent or for possession in event of forfeiture; and entitled the lessor to rent whether before or after forfeiture.

The appellant never installed the heating plant and never painted the property. On July 19, 1945, Mrs. Watson conveyed the property, by warranty deed, to the appellee. No assignment of the lease or of any kind was made by Mrs. Watson to appellee, but the conveyance was made "subject" to the lease. On August 1, 1945, the appellant was notified that appellee had bought the property on July 19, 1945; that his lease was forfeited and void due to his failure to paint as agreed; and he was notified to vacate the premises. The rent due on the 15th day of September, October and November, 1945, was not paid on or before the due date and is now past due and unpaid.

The first paragraph of the complaint, which was filed on November 19, 1945, is based on appellant's failure to install the heater; the second, his failure to paint; the third, his failure to pay rent due on the 15th of September, October, and November, 1945. Under each paragraph he sought to recover possession of the property and damages. Appellant's demurrer to the complaint for want of facts sufficient was overruled, and issues were closed by answer and reply.

Appellant predicates error in the overruling of his demurrer to the first two paragraphs of complaint on the proposition that appellee is not the real party in interest; that where a covenant to make repairs clearly

specifies the time for their making, there is an obligation to make them within such time; the lessor's right of action then accrues; and the transferee of the reversion cannot recover for breaches to repair committed prior to the transfer.

> With exceptions not here important, an action must be prosecuted in the name of the real party in interest. § 2-201, Burns' 1946 Replacement.

In the instant case the breaches occurred when the appellant failed to perform within the time agreed upon, *Island Coal Co.* v. *Combs* (1899), 152 Ind. 379, 53 N. E. 452, which in both instances expired before the appellee acquired title to the property. The cases generally hold that the transferree of the reversion cannot recover upon breaches of covenants committed prior to the transfer, since the right of action thereon belongs to the owner of the reversion at the time of the breach. *The Junction R. R. Co.* v. *Sayers* (1867), 28 Ind. 318; 32 Am. Jur. § 100, p. 107, § 798, p. 681; *Bailey v. Meade* (1924), 250 Mass. 46, 144 N. E. 110, 34 A. L. R. 779, anno. p. 782, 801; Tiffany, Landlord & Tenant, § 149(9); Tiffany, Real Property (3rd ed.) § 131.

The Indiana case just cited was one wherein the complaint alleged that in 1853 a railroad company, in consideration of a license to change the course of a stream, agreed with the then owner of the land, who had on said property certain mills which were fed by said stream, to dig a new channel and construct a certain levee sufficient to protect the building from damage by water. The plaintiffs in that action purchased the land and mills in 1855, and in 1865 the levee was swept away by high water and the buildings damaged because the company had failed to construct the channel and levee in the manner agreed upon. The agreement to do the

work in the manner agreed upon was breached before the plaintiff acquired title, and our Supreme Court, in holding the demurrer to the complaint should have been sustained, said the subsequent sale of the land to the plaintiffs transferred to them no right of action for the violation of the agreement. It is true that case was not an action between landlord and tenant, but it was, like this, an action for damages growing out of a breach committed prior to transfer to a new owner.

At common law, the transferee of the reversion could not enforce a forfeiture of the term under a power of re-entry for breach of the lessee's covenant contained in the lease. Because of the adoption as in force of the statute, 32 Hen. VIII, ch. 34, or because of similar statutory provisions enlarging the rights of the transferee he can, in most jurisdictions, now enforce a forfeiture of the term under power of re-entry for breach of the lessee's covenant in the lease where the cause of forfeiture arises *subsequent* to the transfer. 32 Am. Jur. § 873, p. 739. *Island Coal Co.* v. *Combs, supra.* It is said to be doubtful, however, whether the grantee of the reversion can take advantage of a breach occurring prior to the transfer to himself. The general rule seems to be, in the absence of a statutory provision enlarging the right of such transferee, that if a ground or cause of forfeiture was in existence at the time of the transfer of the reversion, and the lessor has done no act to indicate his purpose of avoiding the lease by reason of the breach, his grantee cannot enforce the forfeiture, since the statute, 32 Hen. VIII, is not applicable where the breach occurs before transfer. 32 Am. Jur. § 873, p. 739; *Investors' Guaranty Corp.* v. *Thompson* (1924), 31 Wyo. 264, 225 Pac. 590, 32 A. L. R. 1071; *Small* v. *Clark* (1903), 97 Me. 304, 54

Atl. 758; *Weece* v. *Gaunt* (1927), 327 Ill. 21, 158 N. E. 353.

Our statute provides that "Alienees of lessors and lessees of land shall have the same legal remedies in relation to such lands as their principals." § 3-1625, Burns' 1946 Replacement. It is cited under an earlier section number in *Island Coal Co.* v. *Combs, supra,* to the proposition that the heirs of the vendee of the reversion could enforce a forfeiture for a breach arising after the conveyance to their ancestor, but before the ancestor's death.

So far as we are advised, it has never been held in Indiana that the present § 3-1625, of Burns' *supra,* is broad enough to permit one who has acquired the reversion by a voluntary conveyance to enforce a forfeiture, the grounds or causes of which existed prior to transfer. The section does not seem to us to be broader in the aspect under consideration than the statute 32 Hen. VIII, and there seems to us to be many valid reasons for not extending it by judicial construction. We are of course not here dealing with a series of breaches of a continuing covenant, some of which occur after transfer, nor do we consider the effect of an assignment of any kind.

We conclude that under the facts in this case the appellee could neither recover damages growing out of a breach committed prior to transfer, nor enforce a forfeiture of the lease based thereon. Consequently, the first two paragraphs of complaint fail to show a cause of action in favor of the appellee, and the demurrer to those paragraphs should have been sustained for want of facts. *The Junction R. R. Co.* v. *Sayers, supra; Sinker* v. *Floyd* (1885), 104 Ind. 291, 4 N. E. 10; *State ex rel. City of Loogootee* v. *Larkin* (1941), 218 Ind. 382,

33 N. E. 2d 112. In this view of the situation other grounds of demurrer to those paragraphs need not be considered.

The third paragraph of complaint is based on the appellant's failure to pay rent in advance, and it in no way refers to any other alleged breach of the lease. The demurrer thereto is predicated on the proposition that the complaint fails to allege any demand for rent or any notice to vacate based on a default in payment, and that it fails to allege the rent was not tendered by appellant.

By the terms of the lease the rent was payable in advance on the 15th day of each month; the failure to so pay would work a forfeiture; and demand for payment was waived. An action for possession would therefore lie without a demand for rent or notice to quit, § 3-1620, Burns' 1946 Replacement, and neither need be alleged in the complaint. If the appellant tendered the rentals or had a valid excuse for failing to pay or tender them, it would be a matter of defense which the appellee was not required to anticipate and avoid in her complaint. The demurrer to the third paragraph was properly overruled.

To avoid the error in overruling the demurrer to the first two paragraphs of complaint on the ground that the error was harmless, the burden is upon the appellee to show by the record proper that the verdict or judgment rests entirely or exclusively on the good paragraph of complaint. In the absence of such a showing the presumption that the error was prejudicial must prevail and be given full effect. *Baltimore, etc., R. Co.* v. *Jones* (1902), 158 Ind. 87, 62 N. E. 994; Watson's Rev. of Works, Vol. I, § 537. In this case, as in the case last cited, it was shown by the jury's answers to interrogatories that the verdict was based on

the bad paragraphs, as well as the good. The judgment, therefore, cannot be upheld.

Other asserted errors are not likely to arise on another trial of the cause.

Judgment reversed with instruction to sustain appellant's demurrer to paragraphs 1 and 2 of the complaint and for further proceedings.

NOTE.—Reported in 73 N. E. 2d 363.