MADDOX v. MOCK, EXECUTOR OF THE ESTATE OF CHLOE LANCASTER, DECEASED.

[No. 31,061. Filed November 2, 1966. Rehearing denied December 28, 1966.]

*Dwight F. Gallivan, A. Walter Hamilton, Ned R. Carnall* and *Gallivan & Hamilton,* of Bluffton, for appellant.

*Robert W. Bonham, Jr.,* and *Bonham & Emshwiller,* of Hartford City, *George Mock* and *Daniel S. Harsh,* of Bluffton, and *Robert L. Smith* and *Smith & Fraser,* of Portland, for appellees.

JACKSON, J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1933, ch. 151, § 1, p. 800, § 4-215, Burns' 1946 Replacement. See *Maddox* v. *Mock* (1964), 196 N. E. 2d 412 for opinion of Appellate Court.

Appellant brought this action in the Wells Circuit Court to set aside the probate of an instrument purporting to be the Last Will and Testament of Chloe Lancaster on the ground the probated will had been revoked by the execution of a later will. The will admitted to probate and record bore the

date of August 26, 1955, and was offered and admitted to probate in the Wells Circuit Court on May 4, 1957. Appellant alleged that decedent died on May 1, 1957, leaving as her sole and only heir at law the appellant, a sister of decedent.

The prayer of appellant's seventh amended complaint requested the following relief:

"(1) That said pretended Last Will and Testament dated August 26, 1955, be declared null and void and of no effect and that the probate thereof be set aside and revoked.

"(2) That the Letters Testamentary issued to Defendant, George Mock, Executor of the Estate of Chloe Lancaster, deceased, under said pretended Last Will and Testament be set aside and revoked.

"(3) That said decedent be adjudged to have died intestate.

"(4) For all other and further relief proper in the premises."

The appellees demurred to appellant's seventh amended complaint on the ground that, "[s]aid seventh amended complaint to set aside and contest will does not state facts sufficient to constitute a cause of action in the plaintiff Jennie Maddox."

The demurrer was accompanied by a memorandum in which appellees urge that actions to contest the validity and to resist or set aside the probate of an alleged will are purely statutory and can be successfully maintained only in the manner and within the limitation prescribed by statute. *State ex rel. Wilson, etc. v. Howard Cir. Ct., etc.* (1957), 237 Ind. 263, 145 N. E. 2d 4; *Moll et al. v. Goedeke et al.* (1940), 107 Ind. App. 446, 25 N. E. 2d 258.

Such memorandum also contained the following statements:

"§ 7-117 Burns' Indiana Statutes Annotated, 1953 Replacement, (§ 717, ch. 112, Acts 1953) provides that 'Any

*interested* person may contest the validity of any will . . .'. All previous Indiana statutes governing actions to contest the validity of wills provided that 'Any person may contest the validity of any will . . .'. The comments of the Probate Code Study Commission which accompany said § 7-117 Burns 1953 Replacement state that the insertion of the word 'interested' between the words 'any' and 'person' in the first line of said section did not change the meaning or substance of the previous statutes.

"The Indiana Supreme Court, in construing the validity of the phrase 'any person may contest the validity of any will' as used in the previous Indiana Statutes, has repeatedly held that such language was limited by § 251 RS 1881 (now § 2-201 Burns 1933), which provides that 'Every action must be prosecuted in the name of the real party in interest,' with certain exceptions not material to this case; and that therefore a suit to contest the validity of a will could only be prosecuted by a person having some kind of an interest in the subject matter involved in the contest. *Niederhaus* v. *Heldt et al.* (1867), 27 Ind. 480; *Schmidt* v. *Bomersbach* (1878), 64 Ind. 53; *McDonald et al* v. *McDonald et al.* (1895), 142 Ind. 55, 41 N. E. 336; *Thompson* v. *Turner* (1909), 174 Ind. 593, 89 N. E. 314; *Emhardt, Admr.* v. *Collet et al.* (1921), 191 Ind. 215, 131 N. E. 48.

"In determining the sufficiency of the allegations of the seventh amended complaint for the purpose of ruling on this demurrer, the Court must take into consideration the fact that these defendants filed their motion to state facts to sustain conclusion, requesting that the plaintiff be required to state the facts necessary to sustain the following concusion, 'and, therefore, said decedent died intestate,' as alleged in line 4 of rhetorical paragraph 11 of plaintiff's seventh amended complaint; and that the Court overruled such motion to state facts. Under these circumstances the action of the Court must be deemed a decision of the Court, procured by and binding upon the plaintiff, that all the facts relied upon by the plaintiff to support said conclusion were already stated in the seventh amended complaint, and no facts, not therein pleaded, may be implied from said conclusion to sustain the seventh amended complaint on demurrer or considered in determining the sufficiency of the seventh amended complaint. *Terre Haute, etc. Traction Co.* v. *Scott* (1926), 197 Ind. 587, 150 N. E. 777, 43 A. L. R. 1029; *Pier* v. *Schultz et al.* (1962), 243 Ind. 200, 182 N. E. 2d 255. See also *Enterprise etc. Pub. Co.* v. *Craig* (1924), 195 Ind. 302, 144 N. E. 542, 145 N. E. 309; *Davis* v. *Louis-*

*ville and Nashville Railroad Company* (1961), 132 Ind. App. 419, 173 N. E. 2d 749.

"The demurrer to a complaint for want of facts to state a cause of action calls in question not only the sufficiency of the facts stated in the complaint but also the right of plaintiff to maintain the action. *Pence* v. *Aughe* (1884), 101 Ind. 317; and where the face of a complaint shows a cause of action in a third person and not in plaintiff, it is bad on demurrer for want of facts. *State ex rel. City of Loogootee* v. *Larkin et al.* (1941), 218 Ind. 382, 33 N. E. 2d 112; *Sinker* v. *Floyd* (1885), 104 Ind. 291, 4 N. E. 10; *Bond* v. *Armstrong* (1882), 88 Ind. 65."

Appellees further contend in their memorandum line 19 page 19 of the transcript that,

"The burden is on the plaintiff, not only to plead a cause of action against the defendants, but also to plead facts to show that she is a real party in interest. By pleading facts to show that another Will was executed after the date of the probated Will, she has pleaded that a cause of action exists against the defendants; but by failing to plead facts to show that such later Will was revoked, she has failed to plead that as an heir-at-law she is a real party in interest to this suit to set aside probate of the August 26, 1955 Will, and the demurrer should be sustained."

The trial court sustained the demurrer to the seventh amended complaint. Appellant refused to plead further; thereupon the court entered judgment on the demurrer that plaintiff take nothing by said complaint and that the defendants have judgment for their costs. Appellant perfected her appeal to the Appellate Court and assigned as error "1. The court erred in sustaining Appellees' Demurrer to Appellant's Seventh Amended Complaint."

The Appellate Court in due time reversed the trial court and appellees filed their petition to transfer. The grounds on which appellees' seek such transfer are recited in paragraph five (5) of their petition, which reads as follows:

"5. Appellees show to the Court that the opinion of the Appellate Court erroneously decides a new question of law in this, that the transcript and assignment of errors present a new question of law which is also presented by the brief

of the appellees, to-wit: In a complaint by the sole heir at law to contest the probated will of the decedent, wherein the plaintiff has alleged facts which establish that the probated will was revoked by the due execution of a later will of the decedent which disposed of all of the decedent's property to persons other than plaintiff; by which complaint the plaintiff made the personal representative of the probated will and all of the persons beneficially interested under the terms of the probated will parties defendant to such action but did not make the personal representative of the later will nor any of the persons beneficially interested under the terms of the later will parties defendant, it is necessary that the plaintiff allege additional facts sufficient to establish that such later will was not in effect at the decedent's death in order to withstand a demurrer on the ground that such complaint failed to state facts sufficient to constitute a cause of action in plaintiff because such complaint does not allege sufficient facts to show that the plaintiff as such sole heir at law is an 'interested party' within the meaning of that term as used in Acts 1953, ch. 112, § 717; § 7-117 Burns', 1953 Replacement.

"That said question was erroneously decided by the Appellate Court by its quoting the following portion of *Miller* v. *Munzer* (Mo. App. 1952), 251 S. W. 2d 966:

" 'Respondent further claims that in any event plaintiff may not maintain this action because, in setting up the subsequent will of 1936 containing a revoking clause, plaintiff did not allege that plaintiff was a beneficiary under the 1936 will; that the only persons having an interest in contesting the 1933 will are those persons named as beneficiaries under the 1936 will. This position is without merit. Nothing more was required of plaintiff to show that he was a real party in interest than to allege and prove that he, as an heir of Phil Miller, deceased, would share in the distribution of the estate of the deceased in case of intestacy. It was not necessary that plaintiff be named as a beneficiary in the subsequent revoking will. An heir is entitled to contest a probated will of a decedent although he was excluded by a previous will which had not been probated, Marr v. Barnes, 126 Kan. 84, 267 P. 9; Murphy's Executor v. Murphy, 65 S. W. 165, 23 Ky. Law Rep. 1460, or by a subsequent unprobated will. The reason is that the previous or subsequent will excluding the heir might never be probated, or if probated might itself be successfully contested, or may have been revoked prior to the death of the testator. All that need be shown in the case at bar, in

addition to heirship, is that the subsequent will revoked the original will. The revocation becomes full and complete at the time of the proper execution of the subsequent will, even though the latter is never probated, and the latter instrument is properly admissable in evidence to show the revocation of the original will. Rice v. Rice, 239 Mo. App. 739, 197 S. W. 2d 994.'

and then stating, immediately after such quotation, that: 'We feel that the result reached in the Miller case is the logical conclusion of the decisions on "interested person" found in Indiana when applied to the facts presented in the case at bar.' "

It is obvious, that at some time during the proceedings, change of venue was taken by which the original action was venued from Wells to Jay County and that a Special Judge was appointed to try this cause in the latter county.

The appellees assert:

"The sole issue presented upon the appeal is whether the Appellant is an 'interested party,' within the meaning of that term as used in Section 7-117 of Burns' Indiana Statutes Annotated, 1953 Replacement, upon the facts averred in her seventh amended complaint; wherein the Appellant averred that the decedent's 1955 Will which was admitted to probate had been revoked in the decedent's lifetime by the decedent's due execution of a subsequent and inconsistent Will in 1957, that the Appellant was not designated as a personal representative, legatee, devisee, or trustee of an express trust by the provisions contained in such 1957 Will of the decedent, does not allege any facts sufficient to show that such subsequent 1957 Will was not in effect at the time of the decedent's death, and does allege that the Appellant is sole heir at law of the decedent.

"The issues were formed by the Appellant's seventh amended complaint to set aside and contest will and the Appellees' demurrer to plaintiff's seventh amended complaint on the ground that such seventh amended complaint did not state facts sufficient to constitute a cause of action in the Appellant."

The appellants are not in entire agreement on the issues involved as is evidenced by their statement of what the issues were, which reads as follows:

"The issues were presented by Appellant's Seventh Amended Complaint to Set Aside and Contest Will and Appellees' Demurrer thereto for want of facts. In raising by demurrer the issue of sufficiency of the complaint, the question presented is whether Appellant, by alleging execution of the subsequent or revoking will and alleging such as sole heir at law, had stated facts to state a cause of action. The demurrer attacked not only the sufficiency of the allegations of the complaint, but also Appellant's right to maintain the lawsuit.

"Again, Appellees are attempting to argumentatively state matters of record by reference to what the Appellant did not allege. The issues are clearly those of law and derive from the allegations contained in the Seventh Amended Complaint. The allegations are of a will, its probate, execution of a subsequent and revoking will and that such probated will was not revived or republished."

If we agree that the sole issue to be determined here is whether or not the plaintiff is "an interested party" then we would be overlooking the question of whether or not plaintiff's seventh amended complaint "by alleging execution of the subsequent or revoking will and alleging such as sole heir at law, had stated facts to state a cause of action."

We think there is a facet of this case that is controlling, as a matter of law, that had not been touched on by either of the parties to this action. The plaintiff below, appellant here, predicates her right of action as the sole heir at law on the proposition that the decedent died intestate. She alleges that such intestacy is occasioned by the execution of a *new will* making another and inconsistent disposition of decedent's property, thus operating as a revocation of the will of August 26, 1955.

This Court has held that such inconsistent disposition operates as a revocation whether the former will is expressly revoked by the latter or not. *Kern* v. *Kern* (1900), 154 Ind. 29, 37, 55 N. E. 1004; *Burns, Executor, et al.* v. *Travis et al.* (1889), 117 Ind. 44, 47, 18 N. E. 45; *The State ex rel. Brown* v. *Crossley et al.* (1879), 69 Ind. 203, 211.

The relatively long seventh amended complaint at rhetorical paragraph eight (8) purports to set out in substance the content of said purported will dated April 15, 1957; and at rhetorical paragraph nine (9) of said seventh amended complaint purports to show that such instrument dated April 15, 1957, was signed by the decedent and allegedly declared by her to be her Last Will and Testament in the presence of two attesting witnesses who in the presence of decedent and each other allegedly signed the purported Last Will and Testament. Nowhere in such seventh amended complaint is there any allegation that at the time of the alleged execution of such will that the decedent was of sound and disposing mind and memory and competent to make a will.

Under these circumstances where appellant relies on a later will to revoke the one of August 26, 1955, it seems fatally defective not to make such an averment, because, *unless the decedent was competent to make a new will,* any instrument she might execute, regardless of the formalities complied with would not and could not be her will and would be totally null and void.

Furthermore, the will bearing date of August 26, 1955, was already admitted to probate and record and therefore is a judgment of the court and binding and conclusive on all parties until it is set aside in a direct attack made in the manner provided by statute. *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 81 N. E. 482.

It further appears in the case at bar that plaintiff-appellant by the allegations of rhetorical paragraph ten of the seventh amended complaint, which in pertinent part reads,

". . . that said Defendant has failed and refused, after demands upon him by Plaintiff and her attorneys, to reveal or come forward with said Last Will and Testament, dated April 15, 1957 and still refuses and fails to come forward with said instrument and denies that such will was ever executed,"

has not bettered her position or complaint for two reasons.

A. The statute provides a method to enforce production of an alleged will and a penalty for failure so to do or for the destruction thereof; and

B. Before a will can have any force or legal validity it must be probated.

Here the plaintiff-appellant seeks to place the alleged or purported will on the same plane, having the same validity as the will of August 26, 1955, which has already been admitted to probate and record. In our opinion this constitutes a collateral attack on the judgment of the court and cannot be maintained.

Even taking the position most favorable to the appellant, which we are not here permitted to do, it seems that in order to withstand the demurrer addressed to the seventh amended complaint, such complaint, at the very least, would have to show affirmatively, (1) that a new will had in fact been executed by the decedent subsequent to the one executed August 26, 1955, (2) that at the time of the execution of such subsequent will the decedent was competent to make a will and was not under a disability that would prevent her from making a valid will; and (3) that if such subsequent will was in fact executed, it was not revoked by decedent at a time when she was competent to do so. Until these facts are affirmatively shown by the complaint it is our opinion that the allegations of the compliant that appellant is the sole and only heir at law of the decedent and the allegation of inconsistency with the Will of August 26, 1955, and the instrument allegedly dated April 15, 1957, can, if considered at all, be considered only as conclusions of the pleader.

The judgment of the court rendered on the sustaining of the demurrer and on appellant's refusal to plead further is affirmed.

Rakestraw, C. J., Arterburn and Myers, JJ., concur in result. Achor, J., not participating.

## CONCURRING OPINION

RAKESTRAW, J.—While all of the judges participating in the case have agreed with the result reached in the opinion written by Judge Jackson, they did not concur in the opinion itself. It therefore seems advisable to set forth the reasons which I believe dictate that result.

Upon the briefs and the record, it appears that the case was submitted to the court on a single point, and the trial court decided the case upon the single point of law presented. It is on this point that I believe the trial court decided the case correctly and the Appellate Court decided the case incorrectly.

For the plaintiff's cause of action, it is elementary that she must allege facts not only to show that a cause of action exists, but also to show that the cause of action exists in the plaintiff herself. *Sinker* v. *Floyd et al.* (1885), 104 Ind. 291, 4 N. E. 10; *McLaughlin* v. *Shelby Township, Jefferson Co.* (1875), 52 Ind. 114.

In this case, the plaintiff alleged that the will in question was revoked by the execution of a subsequent will with inconsistent provisions. The allegations of the plaintiff's complaint also set forth the inconsistent provisions which clearly do not include any beneficial interest in the plaintiff herself. By alleging these facts, the plaintiff has clearly alleged a cause of action in someone, but has not shown how she herself could be interested in such fashion as to be entitled to bring the action.

In my opinion, in order to allege a cause of action in the situation described by the plaintiff's complaint, it would also be necessary to allege facts which would show that the subsequent will (the revoking instrument) was for some reason of fact or law not operative as a disposing instrument. In other words, sufficient facts must be shown to indicate clearly that an intestacy situation exists before the heir at law is entitled to bring the action.

This is a case involving a plaintiff's right to bring an action. As such it should be distinguished from cases which have held that the heirs at law are proper parties defendant in a will contest action. See *Hilfiker* v. *Fennig* (1946), 224 Ind. 594, 69 N. E. 2d 743. The dilemma faced by the appellant in this action is clearly demonstrated by the prayer of her original complaint. In her 'prayer she requests among other things "that the decedent be adjudged to have died intestate." Such relief would be necessary before the plaintiff would have an interest sufficient to justify her bringing the action. On the other hand, the appellant did not make parties any persons possibly interested as a result of the subsequent will which was the revoking instrument relied upon.

The appellant urges that a will can be sufficient to serve as a revoking instrument without being sufficient to pass title to the decedent's property. Assuming that the appellant's argument in this regard is correct, we are still faced with a situation where the appellant has not pleaded any facts which would negate the effectiveness of the subsequent will. In the absence of such facts, we believe that she has failed to state in her complaint sufficient facts to show a cause of action in her. Hence it was not error for the trial court to sustain a demurrer to the appellant's complaint.

Arterburn, C. J., and Myers, J., concur.

NOTE.—Reported in 220 N. E. 2d 773. Concurring opinion reported in 222 N. E. 2d 396.