Merrick Scott RAYLE, Appellant–Plaintiff,

v.

Irene Temple BOLIN, et al., Appellees–Defendants.

No. 79A02–0206–CV–474.

Court of Appeals of Indiana.

Feb. 11, 2003.

Jerome L. Withered, Withered & Corrigan, LLP, Lafayette, IN, Attorney for Appellant.

Thomas J. Herr, Truitt & Herr, Lafayette, IN, Attorney for Appellee.

**OPINION**

MATTINGLY–MAY, Judge.

Merrick Scott Rayle appeals the dismissal of his will contest against the estate of Barbara Merrick Hawkins, his aunt. Rayle asserts that the trial court erred when it determined he lacked standing, though he is an interested party according to Indiana law as an heir at law and as a

named beneficiary or devisee under Hawkins' will.

·We reverse.

## FACTS AND PROCEDURAL HISTORY

Hawkins died on September 9, 2000. On September 13, 2000, in Tippecanoe Circuit Court, Rayle filed objections to the probate of Hawkins' will dated September 27, 1991. Irene Temple Bolin, Hawkins' named Personal Representative, filed a petition on September 27, 2000 to probate the 1991 will, and the court impounded the will on that date.

Rayle filed a Verified Will Contest on October 25, 2000. In his complaint, Rayle asserted that he is an interested party as the sole heir under Indiana intestacy laws. Bolin filed a Motion to Dismiss for lack of standing and Motion for Summary Judgment on December 14, 2000. The court granted that motion on August 27, 2001, finding Rayle had no standing to contest the 1991 will. Rayle then filed a motion to correct error, which the trial court denied.

 Rayle appealed the trial court's grant of Bolin's motion. We dismissed that appeal for lack of finality. Subsequently, Rayle filed a Petition for Certification under Indiana Trial Rule 54(B)[1] at the trial court.[2] The trial court certified

Rayle's judgment as final on June 10, 2002, and this appeal followed.

## DISCUSSION AND DECISION

 An allegation that a party lacks standing is treated as a motion to dismiss under Rule 12(B)(6) of the Indiana Rules of Trial Procedure. *Schulz v. State,* 731 N.E.2d 1041, 1043 (Ind.Ct.App.2000). A motion to dismiss tests the legal sufficiency of the claim, not the facts that support it. *Id.* Thus, all facts alleged in the complaint must be taken as true, and all factual inferences must be resolved in favor of the non-moving party. *Id.* Dismissal for lack of standing is appropriate only where it appears the plaintiff cannot be granted relief under any set of facts. *City of New Haven v. Allen County Bd. of Zoning Appeals,* 694 N.E.2d 306, 311 (Ind.Ct.App. 1998).

Rayle asserts he is entitled to contest his aunt's will because he is an "heir-at-law." (Appellant's App. at 19.) Indiana Code § 29–1–7–17 provides that "[a]ny interested person may contest the validity of any will in the court having jurisdiction over the probate of the will ...." The Code defines "interested persons" as "heirs, devisees, spouses, creditors, or any others having a property right in or claim against the estate of a decedent being administered." Ind.Code § 29–1–1–3. Rayle is an "interested person" as both an heir and devisee.[3]

1. Ind. Trial Rule 54(B) provides that:

 [w]hen more than one [1] claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more, but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

2. Bolin asserts that this appeal is barred by the "invited error" doctrine, as Rayle requested the certification of his dismissal under T.R. 54(B). *See generally Ind. Dept. of Ins. v. Ze-*

*nith Re–Ins. Co.,* 596 N.E.2d, 228, 230 (Ind. 1992) (party cannot complain of an error it has invited). We decline to hold that a litigant "invites error" when he seeks certification of an order to pursue an interlocutory appeal in accordance with our rules. Such a holding would completely undermine the purpose of T.R. 54(B) and render interlocutory appeals moot.

3. Though Bolin argues that Rayle lacks standing, she does not discuss or even acknowledge Ind.Code § 29–1–1–3 which defines "interested parties." Nor does she address the appli-

Rayle is an heir because he would have inherited the decedent's estate under intestate succession. " 'Heirs' denotes those persons ... who are entitled under the statutes of intestate succession to the real and personal property of a decedent on the decedent's death intestate, unless otherwise defined or limited by the will." Ind.Code § 29–1–1–3. *See Nickerson v. Hoover,* 70 Ind.App. 343, 115 N.E. 588, 590 (1917) ("heir" refers to those on whom the law casts inheritance in the absence of a will). As the sole heir at law of the decedent, Rayle is an "interested person."

Additionally, Rayle is a devisee. A devisee is anyone who receives real or personal property under a will. Ind.Code § 29–1–1–3. In the will being contested, Hawkins directed distribution of all of her personal and household effects to Rayle. (Appellant's App. at 26.) As a devisee of the decedent, Rayle is also an interested person under the statute.[4]

Bolin relies on *Maddox v. Mock,* 248 Ind. 55, 220 N.E.2d 773 (1966) to justify Rayle's dismissal. *Maddox,* like this case, involved a will contest brought by a sole heir where more than one will existed. However, that similarity does not warrant application of *Maddox* to this case, as it is inapposite to the question presented in this appeal. In *Maddox,* the contesting appellant based her action on the ground that the probated will was revoked by the execution of a subsequent will and the decedent died intestate. *Id.* The contesting appellant was not a devisee of the will offered into probate nor of the subsequent will that allegedly revoked the first will. *Id.* Furthermore, the appellant failed to

present evidence that would have proven the subsequent will defective, thereby establishing the decedent's intestacy. *Id.* at 65–66, 220 N.E.2d 773. The Court stated "sufficient facts must be shown to indicate clearly that an intestacy situation exists before the heir at law is entitled to bring an action." *Id.* at 65, 220 N.E.2d 773.

Unlike *Maddox,* in the present case there is no subsequent will being offered as a revoking instrument. Rayle brings his will contest on the ground of his aunt's incompetence. *See* Ind.Code § 29–1–7–17. *Maddox* cannot apply in this case as Rayle is a devisee of the 1991 will and thereby has standing as defined by Ind.Code § 29–1–1–3. Because of these factual dissimilarities, *Maddox* cannot be used as a wedge to pry Rayle from the Hawkins' estate.

As a result, the trial court erred when it dismissed Rayle's action for lack of standing. The Indiana Code is clear regarding who may challenge wills admitted to probate. We make no judgment on the propriety or possible success of Rayle's challenge. However, Bolin has failed to show that Rayle should not be permitted to make that challenge. Therefore, the dismissal of Rayle's action is reversed and this case is remanded to the trial court.

RILEY, J., and ROBB, J., concur.

cation of that code section to the will contest statute at Ind.Code § 29–1–7–17.

4. Bolin contends that Rayle cannot challenge the 1991 will because he would take less under the earlier wills. Although Rayle has filed objections to other prior wills, any challenge to those wills cannot be made until after the will is offered for probate. That there may be other wills does not impact Rayle's standing to contest the will currently admitted for probate.