Argued 23 December, 1899; decided 8 January; rehearing denied 26 March, 1900.

## WESCO v. KERN.

[59 Pac. 548, 60 Pac. 563.]

1. RIGHT OF ACTION FOR BREACH OF COVENANT.—Where a purchaser of a parcel of land executed a mortgage for its price, and was afterwards evicted from a portion of the tract under a superior title, the sale of the remaining portion under foreclosure of such mortgage will not prevent his recovering for breach of the vendor's covenant of warranty as to the portion from which he was evicted; for his right to damages became complete at the breach, and such claims do not run with the land, and, further, the mere execution of a mortgage would not extinguish his right of action for subsequently broken covenants in his deed.

2. INSTRUCTIONS—WHO MAY NOT COMPLAIN.—A party will not be heard to complain of the giving of an instruction which he had himself requested.

From Multnomah : E. D. SHATTUCK, Judge.

Action for damages by H. W. Wesco against John W. Kern. From a judgment for plaintiff this appeal is taken.

AFFIRMED.

For appellant there was a brief over the names of *William Wallace Thayer* and *Henry St. Rayner*, with an oral argument by *Mr. St. Rayner*.

For respondent there was a brief and an oral argument by *Mr. Robert C. Wright*.

MR. JUSTICE BEAN delivered the opinion.

This is an action to recover damages for a breach of a covenant of warranty. On December 28, 1887, the defendant sold for $1,900, and conveyed to John A. Wesco, the north ½ of block E of Kern's Addition to East Portland, by a deed containing a covenant to "warrant and defend the same   *   *   *   against the lawful claims and demands of all persons whomsoever." Three hundred dollars of the consideration was paid in cash, and Wesco gave his note to the defendant for the balance, secured

36 OR.—28.

by a mortgage on the premises.   On December 22, 1890, one Sperry commenced an action against Wesco to recover possession of the premises conveyed to him by the defendant; and, during the pendency thereof, Wesco sold and conveyed the entire premises by warranty deed to the plaintiff, H. W. Wesco — subject, however, to the $1,600 mortgage—and with knowledge of the pending action.   Thereafter, and in February, 1895, such proceedings were had in the action brought by Sperry that a judgment was rendered in his favor for the possession of a portion of the premises, and the plaintiff was evicted therefrom.   On April 16, 1895, a suit was commenced by one Smith, to whom the purchase-money note and mortgage had been assigned, to foreclose the mortgage, and under a decree rendered therein he became the purchaser of all the mortgaged premises except the Sperry tract.   This action is brought to recover damages for a breach of the covenant of warranty caused by the eviction of the plaintiff from a portion of the premises described in the deed from the defendant to plaintiff's grantor, John A. Wesco.   It resulted in a judgment for $425 in favor of the plaintiff, and the defendant appeals.

1.   The first contention for the defendant is that the $1,600 mortgage from John A. Wesco to the defendant, and the sale under a foreclosure thereof, operated as a conveyance to the purchaser of all the right, title and interest acquired by Wesco under his deed from Kern, and, under the doctrine that a covenant of warranty runs with the land, vested in such purchaser the right to sue upon the covenants contained in the original deed executed by the defendant.   Conceding, for the purposes of this case, that a purchaser at a foreclosure sale is entitled to the benefit of the covenant of general warranty in a deed to the mortgagor, the doctrine can have no application here, because (1) there was no sale under the fore-

closure decree of that portion of the premises from which
Wesco was evicted in the action brought against him by
Sperry ; and (2) the right of action in favor of the plain-
tiff was complete at the time of such eviction, which
occurred prior to the commencement of the foreclosure
suit. While a covenant of warranty may run with the
land, damages arising from broken covenants do not :
*Ladd* v. *Noyes*, 137 Mass. 151 ; *Provident Trust Co.* v. *Fiss*,
147 Pa. St. 232 (23 Atl. 560) ; *Adams* v. *Conover*, 87 N. Y.
422 ; *Wagner* v. *Finnegan*, 65 Minn. 115 (67 N. W. 795).

Under our system, a mortgage of real property does
not operate to convey title, and hence the mere execution
of the mortgage by Wesco to Kern did not operate to ex-
tinguish his right of action for subsequently broken cove-
nants in the deed of conveyance. There is no merit,
therefore, in the contention that the foreclosure and sale
under the mortgage is a bar to plaintiff's right of action
to recover damages for a breach occurring prior to the
commencement of the foreclosure suit.

It is next claimed that the court erred in instructing
the jury as to the measure of damages. There is some
conflict in the authorities as to the measure of damages in
case of a partial breach of a general covenant of warranty.
Mr. Sedgwick says : ''As the rule is usually stated, the
measure of damages is such part of the original price as
bears the same ratio to the whole consideration that the
value of the land to which the title has failed bears to the
value of the whole tract conveyed, or, in states adopting
the New England rule, the actual value of the part from
which the grantee has been evicted :'' 3 Sedgwick, Dam.
§ 970. See, also, 8 Am. & Eng. Enc. Law (2 ed.), 174.
In this case the court seems to have instructed the jury
that the measure of damages was the value of the land
from which the defendant was evicted.

2.   But it is unnecessary to decide whether this is the

better rule or not, since it is the one requested by the defendant, and he has no right to complain because the court adopted his theory of the law.   It follows that the judgment must be affirmed, and it is so ordered.

AFFIRMED.

Decided 26 March, 1900.

ON PETITION FOR REHEARING.

[60 Pac. 503.]

MR. JUSTICE BEAN delivered the opinion of the court.

The effect of a sale under a decree foreclosing a mortgage containing a covenant of warranty, upon the right either of the purchaser at such sale or the mortgagor, or his successor in interest, to maintain an action for a breach of such a covenant in the chain of title of the mortgagor, occurring after the date of the mortgage and before the sale, is not involved in this case, because there was no sale under the mortgage of that portion of the property from which the mortgagor had been evicted; and therefore the opinion must not be construed as deciding that question, upon which the authorities (*Resser* v. *Carney*, 52 Minn. 397, 54 N. W. 89; *Mygatt* v. *Coe*, 142 N. Y. 78, 36 N. E. 870, 24 L. R. A. 850) seem to be in conflict.        REHEARING DENIED.