Argued April 18, affirmed May 2, 1951

# WALLACE ET UX. *v.* PAULUS BROS. PACKING CO., A CORPORATION

### 231 P. 2d 417

*E. L. Crawford,* of Salem, argued the cause and filed briefs for appellants.

*John H. Carson,* of Salem, argued the cause for respondent. With him on the brief was Allan G. Carson, of Salem.

Before BRAND, Chief Justice, and HAY, LUSK, LATOURETTE and TOOZE, Justices.

TOOZE, J.

This is an action for damages for the alleged breach of a covenant to repair, contained in a written lease of premises, brought by Paul B. Wallace and Helena A. Wallace, his wife, as plaintiffs, against Paulus Bros. Packing Co., a corporation, as defendant. From a judgment of involuntary nonsuit, plaintiffs appeal.

By the lease in question, defendant rented from Wallace Investment Company, Inc., an Oregon corporation, a certain warehouse building located in Salem, Oregon. The lease was dated September 1, 1928, and was for a term beginning May 1, 1927, and terminating April 30, 1932. Defendant was in possession of the premises when the lease was executed.

In 1928, Wallace Investment Company was dissolved, and the demised property was conveyed to Salem Water, Light and Power Co., an Arizona corporation, subject to the lease. This Arizona corporation was dissolved in 1936, and the property was then conveyed to Salem Water, Light and Power Co., an Oregon corporation, also subject to the lease.

In December, 1943, Salem Water, Light and Power Co. was dissolved pursuant to the laws of Oregon, and on December 6, 1945, the property, subject to the lease, was conveyed to plaintiffs by deed duly recorded December 11, 1945.

Defendant continued in possession of the premises until December, 1947, when possession was surrendered to plaintiffs.

In their complaint filed October 29, 1948, after alleging their marital relation, the corporate status of defendant, the execution of the lease on September 1, 1928, by Wallace Investment Company, Inc., and the taking possession of the demised premises by defendant, plaintiffs alleged:

## "V.

That Wallace Investment Company, Inc., a corporation, conveyed said demised premises to plaintiffs' predecessors in interest during the term of their occupancy by defendant, *that said premises were conveyed to Pltfs. on December 11, 1945,* subject to the aforesaid lease, and that continuously *since said date,* defendant has occupied said premises as the tenant of plaintiffs until vacated by them on the date above mentioned. (Italics ours.)

## "VI.

Said lease, among other things, provided in part as follows:

'Should any loss be sustained by the Lessor to its said leased property through the operations of the Lessee, or due to its carelessness or neglect, the same shall be promptly repaired and restored by said Lessee, and said structures shall be kept in as good condition as they now are by said Lessee during the term of this lease, reasonable wear and tear thereof and damage by

the elements and so-called acts of God, as above indicated, excepted.'

## "VII.

"That said Lessee failed and neglected, and now fails and neglects and refuses to keep, or place said structure in as good a condition as the same was at the time of the original leasing, wear and tear, damage by the elements and acts of God excepted, in the following particulars    *    *    *"

Plaintiffs then alleged seven separate particulars in which it was claimed defendant had caused injury and damage to the building, followed by allegations respecting the monetary damages sustained on account thereof, for which plaintiffs demanded judgment.

It is not alleged in the complaint when the alleged injuries to the property occurred, nor on the trial was any evidence offered as to the time or times of defendant's alleged negligent acts. According to plaintiffs, the injuries were first discovered in July, 1945, or some five months before they received a deed to the property. It is undisputed, therefore, that the alleged wrongful acts in question occurred at some time prior to July, 1945, the exact time not being known.

In its answer, defendant denied the material allegations of the complaint and alleged (1) that it had expended $80,000 in repairs to the building during its occupancy thereof, and that the building was in better condition and repair when it surrendered possession to plaintiffs than it was when they first took possession; and (2) that plaintiffs' cause of action was barred by statute of limitations.

By their reply, plaintiffs put in issue all the material allegations of new matter alleged in defendant's answer.

In addition to the covenant of the lease pleaded by plaintiffs in their complaint as above set forth, amongst other things, the lease contained the following:

"* * * and upon the expiration of the term of this lease, if the Lessee should hold over, such holding shall be deemed from month to month, subject to all of the other terms and provisions of this lease including that of waiver of notice to quit."

It follows, therefore, that from May 1, 1932, until it surrendered possession of the premises to plaintiffs in December, 1947, defendant held the property as a tenant from month to month.

On the trial there was offered and admitted in evidence the deed by which the property was conveyed to plaintiffs, as well as other documents establishing the chain of legal title thereto from Wallace Investment Company, Inc., to plaintiffs.

■ Plaintiffs then offered to prove that at the time of the dissolution of Salem Water, Light and Power Company, Inc., in December, 1943, ownership of the stock in said corporation was according to the following schedule:

| | |
|---|---|
| Helena Willett Wallace | 41/1000 |
| Pauline Black Wallace | 40/1000 |
| Nancy Lou Wallace | 40/1000 |
| F. S. Anunsen | 1/1000 |
| Paul B. Wallace | 878/1000 |

As a part of the same offer of proof, plaintiffs also offered to show that Pauline Black Wallace and Nancy Lou Wallace are daughters of plaintiffs and at the time of the dissolution were minors; that Anunsen was a business associate who held his share as a qualifying share in trust for plaintiff Paul B. Wallace, and that the same was returned to Wallace; that the stock interests of the daughters were transferred to Paul B. Wallace

upon the dissolution, though no such transfers are shown upon the books of the corporation.

This evidence was offered by plaintiffs to establish their claim that upon the dissolution of the corporation they became the equitable owners of the demised premises.

However, under the pleadings in the case, and particularly in the light of the allegations of paragraph V of the complaint hereinabove quoted, we deem this offered evidence wholly irrelevant and immaterial, and it was properly rejected by the trial court.

By their complaint, plaintiffs do not proceed upon the theory that they are the equitable owners of the property; in fact, there is no allegation in the complaint which even suggests that Salem Water, Light and Power Company, Inc., had been dissolved. The sole theory of the complaint is that plaintiffs acquired title to the premises by force of the deed executed and delivered to them in December, 1945, and it is upon that title vested in them as of that time, and any rights accruing to them thereby, that plaintiffs must stand or fall in this case.

Inasmuch as the alleged breach of covenant complained of occurred at some unknown time long before plaintiffs acquired their title to the demised property, the question is presented whether plaintiffs as the present owners are entitled to maintain this action for damages for such breach.

It is a general rule that a grantee may sue for a breach of the covenant in a lease occurring after he acquires title, but not for a breach of covenant before the conveyance to him, unless the cause of action has been assigned to him. 51 C.J.S., Landlord and Tenant, 897, § 258, 1161, § 413; *Michael v. Mitchell,* 118 Ind.

App. 18, 73 N.E. 2d 363; *Bailey et al. v. Meade,* 250 Mass. 46, 144 N.E. 110, 34 A.L.R. 779, 801.

■ Though it may be assumed that a covenant to keep in repair runs with the land, nevertheless, it ceases to do so upon breach. *Bailey et al. v. Meade,* supra; 14 Am. Jur., Covenants, Conditions and Restrictions, 514, § 40. In 14 Am. Jur., supra, the rule is stated thus:

"The assignee of the land is entitled to all the benefits of a covenant which runs with the land and may, if it is breached *during his ownership of the premises,* sue for the damages sustained thereby * * *. However, at common law *a covenant which runs with the land becomes, immediately upon its breach, a nonassignable chose in action upon which no one except the grantee then in possession* or entitled to the possession or his personal representative *can sue."* (Italics ours.)

In *Wesco v. Kern,* 36 Or. 433, 435, 59 P. 548, 60 P. 563, this court, speaking through the late Mr. Justice Bean, said:

"While a covenant of warranty may run with the land, damages arising from broken covenants do not."

See also *Pearson v. Richards et al.,* 106 Or. 78, 211 P. 167.

■ The damages complained of in this case occurred long before plaintiffs acquired title to the premises. A cause of action therefor vested in the corporation and could have been prosecuted by the corporation even after dissolution. § 77-259, O.C.L.A. As grantees, plaintiffs acquired no rights in and to the said cause of action, because it is not alleged nor claimed that the corporation assigned the same to them. Though the covenant to repair runs with the land, a cause of action for a breach thereof does not.

Judgment affirmed.