OPINION OF THE COURT
Joseph Harris, J.
Petitioner, as owner and landlord, instituted a summary proceeding, pursuant to article 7 of the Real Property Actions and Proceedings Law, to recover possession of certain real property from the respondent tenant for nonpayment of rent, and to collect said rent. At the time the proceeding commenced, the petitioner had standing to commence same, and the court accordingly properly acquired jurisdiction over the parties and the subject matter. During the pendency of the proceeding, the petitioner sold the property.
Respondent in this motion contends that by reason of the sale of the property the petitioner loses his standing to pro *159 ceed further and that accordingly the proceeding abates and must be dismissed.
The argument of respondent is without merit. Once the court properly acquires jurisdiction the proceeding does not abate, at least as to that portion thereof for which the petitioner, or a proper successor in interest, claims to be still aggrieved.
Petitioner could have assigned both the action to recover possession of the real property and the action for the rent to the grantee of the premises. In such an event both portions of the proceeding herein would continue in the summary fashion called for by the statute. There is no contention, however, that such an assignment took place.
The fact, however, that petitioner no longer has an interest in recovering possession of the real property, does not divest him of his right to collect unpaid rent, or damages in a sum equal to same. The act of sale is not an act that relieves a tenant of his liability for past unpaid rent. However, it would appear that procedurally the summary fashion of determination called for in article 7 of the Real Property Actions and Proceedings Law, where the relationship is that of landlord and tenant, is not necessary, and under the circumstances here would not further the purpose for which such summary proceeding was intended. Accordingly, the act of sale converts the summary proceeding for collection of unpaid rent to a plenary action for same. To accomplish this the court orders that the notice of petition and the petition herein be deemed respectively a summons and complaint and that petitioner is granted permission to file a note of issue placing the action for rent herein on the Civil Trial Calendar of this court.
The court understands that there is currently pending before Judge Clyne an earlier motion by petitioner for summary judgment. The decision of this court herein does not render moot that motion before Judge Clyne, nor does it divest Judge Clyne of jurisdiction to decide said motion.
There appears, further, under the circumstances, no justification for awarding respondent attorney’s fees against petitioner.
For the reasons stated above, the motion of respondent to dismiss the action herein, and for attorney’s fees is in all respects denied. The order shall recite the conditions and directions set forth in this decision.