**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00021-CV**

_____

**SYDNEY MURPHY, GUYLENE ROBERTSON, RONNIE VINCENT, MILT PURVIS, AND CHARLES THOMAS OVERSTREET, Appellants**

**V.**

**TYLER EPSTEIN, TRUSTEE OF THE ELMWOOD REVOCABLE TRUST, Appellee**

_____

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV22-0716**

_____

**MEMORANDUM OPINION**

The Court's opinion and judgment of January 9, 2025, are withdrawn and the following are substituted in their place. Appellee's amended motion for rehearing and motion for en banc reconsideration are denied.

In this accelerated appeal, Appellants Sydney Murphy, Guylene Robertson, Ronnie Vincent, Milt Purvis, and Charles Thomas Overstreet (collectively

1

"Appellants") appeal an interlocutory order denying their Plea to the Jurisdiction wherein they sought to dismiss claims asserted against them in their individual capacity. We reverse the Order of the trial court and render judgment in favor of Appellants.

**Background**

In November 2022, Tyler Epstein ("Epstein" or "Appellee"), as Trustee of the Elmwood Revocable Trust, filed an Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction against several individuals, business entities, state entities, and state officials in their official capacity, including Sydney Murphy, Polk County Judge; Guylene Robertson, County Commissioner, Precinct One, Polk County, Texas; Ronnie Vincent, County Commissioner, Precinct Two, Polk County, Texas; Milt Purvis, County Commissioner, Precinct Three, Polk County, Texas; and Charles Thomas Overstreet, County Commissioner, Precinct Four, Polk County, Texas for access to property that he acquired known as the Elmwood Tract ("Elmwood Tract"). According to Epstein, he purchased 270.741 acres known as the Elmwood Tract in December 2020. Epstein alleges that the Elmwood Tract can only be accessed via a road he identifies in his petition as Old J.A. Walding Road ("Old Walding Road"), a public, but unpaved road. According to Epstein, Old Walding Road is only connected to three roads, Horace Bond Road, C.M. Hardy Road, and Walding Road.

2

Epstein stated that after he purchased Elmwood Tract, gates and a fence were illegally erected across Horace Bond Road, C.M. Hardy Road, and Walding Road, preventing his ability to access Old Walding Road and the Elmwood Tract. According to Epstein, prior to his purchase of the property, the Elmwood Tract and surrounding tracts were part of a deer lease. Epstein states that he intended to develop the Elmwood Tract for a different use, and that the surrounding tract owners wanted to continue the deer lease and schemed to prevent him from accessing Old Walding Road and developing the Elmwood Tract with the obstructions of gates and a fence. In an effort to permanently remove the obstructions and have Old Walding Road, Horace Bond Road, C.M. Hardy Road, and Walding Road established as public county roads, Epstein sued Appellants and several defendants, including the Texas Department of Transportation; Polk County; the Polk County Commissioners Court; Livingston Independent School District; the Livingston Independent School District Board of Trustees; Livingston Independent School District Board of Trustees President Bea Ellis; Livingston Independent School District Trustees John Allen Slocomb, Kevin Wooten, Scott Paske, Andrew Boyce, Kevin Grimm, and Mindi Pipes; Thomas Timber Investments, LLC, Johnnie L. Wade; James W. Hobson; Denisla K. Hobson; Russel Thomas; Cynthia Thomas; The Walding Hunting Club; Claud Thomas; and Foster Timber, Ltd. Epstein has since non-suited all defendants except Appellants.

3

As against Appellants, Epstein brought causes of action of negligence per se, and inverse condemnation, and alleged that immunity was waived by acting ultra vires and under the abuse of office exception. Epstein further alleged that Appellants could be held personally liable under the abuse of office exception to sovereign immunity defense.

In response to Epstein's Original Petition, Appellants filed a Plea to the Jurisdiction, Response to Request for Temporary Restraining Order, and in the alternative, Original Answer. In their plea, Appellants stated that Epstein failed to make the proper assertions when making an inverse condemnation claim against a governmental entity. Specifically, Epstein failed to allege that Polk County took direct governmental action or was the proximate cause of the harm. According to Appellants, "[i]t is undisputed that at the time of the purchase of the property there was no identifiable current county-maintained road running 'through the north and west boundaries of the Elmwood Tract.'" Appellants further argued that to sufficiently allege a takings claim, a party must allege that the governmental entity intended the resulting damage or was substantially certain the damage would occur. Appellants argued that Epstein has not alleged, and cannot establish, that Polk County intended to cause damage to the Elmwood Tract or has taken any action related to his acquisition of it.

4

In April 2023, Epstein filed his Third Amended Petition and indicated that he partially non-suited the Polk County Judge, Commissioners, and other defendants for the inverse condemnation cause of action. Negligence per se was the remaining cause of action against Appellants, and Epstein continued to allege ultra vires and abuse of office as theories for waiver of immunity.

In June 2023, the trial court granted Appellants' Plea to the Jurisdiction, except to the extent of the continued joinder of Polk County solely as a necessary party pursuant to Section 37.006 of the Texas Civil Practice and Remedies Code. Epstein later filed a Fifth Amended Petition for claims of negligence per se; private and public nuisance; claims under 42 U.S.C. § 1983 for violations of the Equal Protections Clause, Substantive Due Process, and Procedural Due Process; tortious interference with property rights and business relationships; and intentional invasion or interference with property rights against the Polk County Judge and the Commissioners. Epstein continued to allege theories of ultra vires, abuse of office, and inapplicability of the qualified immunity doctrine as exceptions to immunity. Epstein's Fifth Amended Petition dismissed his pursuit of a declaratory judgment.

Appellants filed a second Plea to the Jurisdiction and Answer in response to Epstein's Fifth Amended Petition and argued that Appellants previous Plea to the Jurisdiction was granted, except to the extent of continued joinder of Polk County solely as a necessary party pursuant to Section 37.006 of the Texas Civil Practice

5

and Remedies Code. Appellants stated that because Epstein was no longer seeking declaratory relief, and only seeking damages in excess of $1,000,000, Appellants should no longer be parties to the suit and the court should uphold its previous judgment dismissing Appellants. Appellants further argued that Texas case law has established that a road can be ordered closed by a commissioners' court or abandoned by the court without notice or hearing. Appellants acknowledge that Epstein provided evidence that a petition for a public road was granted by Polk County in 1908; however, Epstein has not demonstrated that any further action was taken to create the road. According to Appellants, there is no evidence of any further action to create the road, and even if it properly existed at some point, it has long since been abandoned due to its infrequent use.

Appellants also argue that nuisance is not a cause of action, and Epstein's claims for public or private nuisance cannot stand alone absent a cause of action under the Texas Tort Claims Act, or wrongful conduct. Regarding Epstein's negligence per se claim and section 1983 claims, Appellants argue that Epstein cannot claim a violation of the Texas Transportation Code regarding a road that is not a public road, nor has he demonstrated a deprivation of rights. Appellants argue that no contract exists for a tortious interference claim and that he has not properly pleaded any elements of a civil conspiracy. Finally, Appellants argue that Epstein's

ultra vires claim fails because he has not shown that Appellants took any "unauthorized" actions.

Epstein then filed a Notice of Nonsuit Regarding Polk County Defendants in their Official Capacities and indicated that Appellants remain in the lawsuit in their personal capacities for the claims in the Fifth Amended Petition. In addition to the Nonsuit, Epstein filed a Response to Appellants' Second Plea to the Jurisdiction and argued that Appellants' Second Plea is moot since it was based on sovereign immunity, and he nonsuited Appellants in their official capacity. Epstein maintained that even if the Second Plea was not moot, Appellants have failed to demonstrate a lack of subject matter jurisdiction.

The trial court conducted a hearing on Appellants' Second Plea, during which Appellants filed a brief challenging Epstein's standing since he recently sold the Elmwood Tract. In response, Epstein stated that he is still permitted to bring causes of action that arose during the time he had an interest in the property, and he motioned for sanctions against Appellants and alleged the standing challenge was brought for improper purposes and not warranted by law. Appellants filed a Sur-Reply and Response to Epstein's Motion for Sanctions and stated that the standing challenge was filed in good faith and that Epstein had failed to establish standing and jurisdiction.

In January 2024, the trial court denied Appellants' Second Plea to the Jurisdiction and standing challenge. This interlocutory appeal followed.

**Standard of Review**

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). The purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction is essential to the authority of the court to decide a case and is never presumed and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider evidence, "even if the evidence implicates both subject-matter jurisdiction and the merits of a claim." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770-71 (Tex. 2018). The standard when considering such a plea generally mirrors the standard for considering a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a(c). *Miranda*, 133 S.W.3d at 228. The trial court reviews the evidence and determines whether a fact issue exists. *Id.* at 227. "If the evidence creates a fact question regarding the jurisdictional issue,

8

then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 227-28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.*

In this appeal, the Appellants' Plea to the Jurisdiction challenges both the sufficiency of Appellee's pleadings and the existence of facts affirmatively establishing jurisdiction. The trial court denied the Appellants' Plea, and the Appellants filed an interlocutory appeal pursuant to Texas Civil Practice and Remedies Code section 51.014(a)(8). "Subject matter jurisdiction is a question of law. As a result, an appellate court conducts a de novo review of a trial court's ruling on a plea to the jurisdiction." *City of Cleveland v. LaFrance*, No. 09-20-00189-CV, 2022 WL 2068858, at *6 (Tex. App.—Beaumont, June 9, 2022, no pet.) (mem. op.); *Miranda*, 133 S.W.3d at 226. When a plea to the jurisdiction challenges the existence of jurisdictional facts, we must consider relevant evidence submitted by the parties to resolve the jurisdictional issues. *Miranda*, 133 S.W.3d at 227. In reviewing such a plea, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d 755 at 771; *Miranda*, 133 S.W.3d at 228. Because the Appellants' jurisdictional plea challenges the sufficiency of the pleadings, we must review Appellee's pleadings to determine whether they

9

affirmatively plead facts which, if true, invoke the court's jurisdiction. *City of Cleveland*, 2022 WL 2068858, at *7. And, because the Appellants' plea also challenges the existence of jurisdictional facts, we must also review the evidence, and our review mirrors that of our review of a trial court's determination of a motion for summary judgment: "all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "[W]e take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor." *City of Cleveland*, 2022 WL 2068858, at *7 (citing *Alamo Heights*, 544 S.W.3d at 771); *Miranda*, 133 S.W.3d at 228; *see also City of San Antonio v. Maspero*, 640 S.W.3d 523, 528-29 (Tex. 2022). "However, we cannot disregard evidence necessary to show context or evidence and inferences unfavorable to the nonmovant if reasonable jurors could not do so." *City of Cleveland*, 2022 WL 2068858, at *7 (citing *Alamo Heights*, 544 S.W.3d at 771).

**Analysis**

In issue one, Appellants complain the trial court lacked subject matter jurisdiction and erroneously denied their plea to the jurisdiction. Appellants first argue that the trial court did not have jurisdiction because Epstein lacked standing once he sold the Elmwood Tract and is unable to demonstrate that his injuries were particularized and distinct from those of the general public. According to Appellants,

10

Epstein is attempting to claim an injury after the conveyance of the Elmwood Tract and Epstein has not demonstrated that Appellants, in their personal capacities, injured him. In addition to arguing that Appellants are not liable in their personal capacities, Appellants argue, in the alternative, that the trial court lacked subject matter jurisdiction over the causes of action asserted in Epstein's Fifth Amended Petition because Epstein failed to demonstrate that the County intended to create the road and that a county road existed.

According to Epstein, this Court lacks jurisdiction over this appeal because it is not permitted as an interlocutory appeal since the underlying motion is not a plea to the jurisdiction by a governmental unit as required by section 51.014(a)(8) of the Texas Civil Practice and Remedies Code, and because the notice of appeal is deficient in that it only names Appellants in their official capacity. Epstein argues that, if this Court's exercise of jurisdiction is proper, he has proper standing to bring his claims for an injury he suffered while he owned the property. Epstein further argues that Appellants can be held liable in their corporate/government capacity and that he has sufficiently pleaded specific actions that caused a real injury by Appellants in their individual capacity.

Plea to the Jurisdiction

Unless a statute authorizes an interlocutory appeal, the jurisdiction of this Court is limited to the review of final judgments. *See* Tex. Civ. Prac. & Rem. Code

Ann. §§ 51.012, .014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In the Plea to the Jurisdiction at issue, Appellants argued that the prior Plea to the Jurisdiction was granted except to the extent of continued joinder of Polk County solely as a necessary party pursuant to Section 37.006 of the Texas Civil Practice and Remedies Code. At that point, Epstein was no longer seeking declaratory relief, and Appellants argued that the trial court should uphold its previous judgment dismissing Appellants since they should no longer be parties to the suit. In response, Epstein nonsuited Appellants in their official capacities and stated that the Appellants remain in the lawsuit in their individual capacities. As a result, Epstein argues the interlocutory order appealed from does not grant or deny a plea to the jurisdiction filed by a government unit or dismiss any claims against Polk County or its commissioners in their official capacities. Epstein argues Texas Civil Practice and Remedies Code section 51.014(a)(8) does not provide a basis for this Court to exercise appellate jurisdiction over this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (interlocutory order is appealable "only if a statute explicitly provides appellate jurisdiction[]").

Standing

"A plea to the jurisdiction 'may challenge the pleadings, the existence of jurisdictional facts, or both.' If a plea 'challenges the pleadings, we determine if the

pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause.'" *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020.) (citing *Alamo Heights Indep. Sch. Dist.*, 544 S.W.3d 755 at 770; *Miranda*, 133 S.W.3d at 226.). Because Appellants' jurisdictional plea challenges the sufficiency of the pleadings, we must review Epstein's pleadings to determine whether they affirmatively plead facts which, if true, invoke the court's jurisdiction. Standing is a component of subject-matter jurisdiction, and "focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome[.]" *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 331-32 (Tex. 2020); *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). Under Texas law, standing requires a "concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154 (Tex. 2012). The inquiry into standing begins by determining whether the plaintiff has been personally injured, and the plaintiff must plead facts sufficient to show that he, rather than a third party or the public at large, suffered the injury. *Id.* at 155.

Generally, unless standing is conferred by statute, a "plaintiff must demonstrate that he or she possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *Williams v. Lara*, 52 S.W.3d 171, 178-79 (Tex. 2001) (citing *Hunt*

13

*v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984)). "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 283 S.W.2d 722, 724 (Tex. 1995)). Additionally, it is important to note that standing deals with whether a litigant is the proper person to bring a lawsuit, not whether that party can ultimately prevail on the claims asserted. *See Hunt*, 664 S.W.2d at 324 (holding "the question of standing is distinct from the question of proof and once the plaintiffs alleged an interest peculiar to themselves and distinguishable from the public generally, they were entitled to a factual hearing[]").

Appellants argue that the trial court lacked subject matter jurisdiction to rule on the plea to the jurisdiction because Epstein does not have standing to bring the lawsuit. According to Appellants, Epstein sold the Elmwood Tract after he filed his Original Petition, and he cannot claim an injury after conveyance of the property. In response, Epstein does not allege a particular statute conveys standing. Rather, Epstein asserts that the trial court has subject-matter jurisdiction over the underlying suit because he owned the Elmwood Tract when the alleged injury occurred and when he filed the underlying lawsuit. Epstein further argues that Appellants injured him when they conspired with private landowners and others to violate his property

rights, prevented his access to the Elmwood Tract, and refused to remove obstructions from public roads that would allow him access to the Elmwood Tract.

Epstein purchased the Elmwood Tract in December 2020, and sold it in August 2023. Epstein filed his Original Petition in November 2022, before he sold the Elmwood Tract. In his live pleading, the Fifth Amended Petition, Epstein alleges that Appellants conspired with surrounding landowners to obstruct his access to the Elmwood Tract by preventing his use of a public road. Epstein alleges that when he owned the Elmwood Tract, Appellants conspired against him in several ways, including: failing to include his request that the status of the roads be on the Commissioners Court meeting agenda in January 2021, meeting with surrounding landowners to argue against declaring the road public in January 2021, and failing to declare Old Walding Road necessary to access the Elmwood Tract as an open county road when presented with the necessary documents. Based on the allegations in Epstein's Fifth Amended Petition and his ownership of the Elmwood Tract when the alleged injury occurred, Epstein has standing for claims regarding the Elmwood Tract that occurred during his ownership. *See Abbott v. City of Princeton*, 721 S.W.2d 872, 874-75 (Tex. App.—Dallas 1986, writ ref'd n.r.e) (explaining that generally, "a plaintiff who voluntarily conveys the subject property during pendency of a suit may maintain an action to recover for damages sustained during the period that the plaintiff owned the property[]") (citing *Richey v. Stop N Go Markets of Tex.,*

15

*Inc.*, 643 S.W.2d 505, 507 (Tex. App.—Houston [14th Dist.] 1982), *aff'd*, 654 S.W.2d 430 (Tex. 1983)). Because Epstein's claims against Appellants accrued during the period he owned the property, he has standing to bring the causes of action against Appellants. *See id.* We overrule Appellants' argument in issue one that the trial court lacked subject matter jurisdiction because Epstein failed to demonstrate he has standing.

Subject Matter Jurisdiction

Next, Appellants argue that Epstein has not made any allegations against Appellants in their personal capacities. According to Appellants, Epstein's pleadings allege actions that can only be taken in Appellants' official capacities as a Polk County Judge and Polk County Commissioners since Appellants have no authority in their personal capacities to govern public roads.

In response, Epstein argues that his pleadings sufficiently allege specific actions and a real injury caused by Appellants in their personal capacities. Epstein argues that examples of Appellants' actions outside the scope of their official capacities as a county judge and commissioners that invoke their personal liability include: meeting and conspiring with the surrounding landowners to violate his property rights, notifying surrounding landowners of Appellee's plan to develop the Elmwood Tract, firing the surveyor in order to claim they could not locate Old Walding Road, refusing his request to be heard at the Commissioners' Court

16

meetings, approving other roadways while depriving him of his property, and refusing to follow the law and remove the obstructions from the roads to allow him access to his property. Epstein further argues that Appellant Murphy met with Claud Thomas, a prior defendant and Epstein's neighboring property owner, on three occasions to make sure the Commissioners Court was on the same page regarding the status of Old Walding Road. Each of these allegations revolves around the failure of the County Judge and Commissioners to take action to establish and open a road for Epstein's benefit.

The plaintiff has the burden to show that jurisdiction exists by alleging facts that affirmatively demonstrate that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *City of Midland v. Sullivan*, 33 S.W.3d 1, 6 (Tex. App.—El Paso 2000, pet. dism'd w.o.j.). We examine the pleading, taking as true the facts pled, and we determine whether those allegations of fact support jurisdiction in the trial court. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *City of Midland*, 33 S.W.3d at 6-7. In doing so, we construe the pleadings in favor of the pleader. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. If necessary, we may review the entire record to determine if there is jurisdiction. *Id.* If the petition does not allege jurisdictional facts, the plaintiff's suit is subject to dismissal only when it is impossible to amend the pleadings to confer jurisdiction. *See id.*

We note that Epstein's earlier petitions were brought against the Appellants in their official capacities seeking injunctive relief and damages. Epstein's fifth and most recent petition brings allegations against Appellants in their official and individual capacities and, instead, seeks damages against the Appellants. After filing his Fifth Amended Petition, Epstein nonsuited his claims against the Appellants in their official capacities in an attempt to defeat the jurisdiction of this court to consider the appeal. That said, a government employee is entitled to dismissal of a suit brought against the employee or office holder in his individual capacity when the suit could have been brought under this chapter against the governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). The phrase "under this chapter" includes suits for which immunity is not waived. *Franka v. Velasquez*, 332 S.W.3d 367, 379 (Tex. 2011). But an employee is always individually liable for torts in his individual capacity even if committed during the course of employment. *Id.* at 383. Intentional torts may be within the scope of employment if "the course of conduct in which the tort occurred is within the scope of employment." Restatement (Third) of Agency § 7.07 cmt. c (Am. L. Inst. 2006). But the current version of section 101.106 protects employees in their individual capacities. *See Franka*, 332 S.W.3d at 381 ("This construction of section 101.106(f) does, however, foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment."). If an employee commits a tort while performing work assigned

18

by the employer or while acting within the scope of his employer's control, the employee's conduct is within the scope of employment unless the employee was engaged in an independent course of conduct not intended to further any purpose of the employer. *See Mason v. Wood*, No. 09-12-00246-CV, 2013 WL 1088735, *3 (Tex. App.—Beaumont March 14, 2013, no pet.) (mem. op.) (citing Restatement (Third) of Agency § 7.07 cmt. b (Am. L. Inst. 2006)).

Here, the facts alleged by Epstein are that Appellants, in their personal capacities, caused conditions that substantially interfered with his use and enjoyment of his land and refused to follow the law and remove the artificial and natural obstructions. However, Epstein's Fifth Amended Petition, fails to sufficiently allege specific actions and a real injury caused by Appellants in their personal capacities. In his petition, Epstein alleges that Appellants violated the Texas Transportation Code and interfered and obstructed his access to the Elmwood Tract by not including his concern regarding the road obstructions on the Commissioners' Court agenda for voting, only permitting him three minutes to make a public comment at the Commissioners' Court meeting, discussing the status of the road with surrounding landowners, and refusing to recognize Old Walding Road as a public road. All of Epstein's allegations pertain to Appellants' duties and responsibilities as a County Judge and County Commissioners under the Texas Constitution and Transportation Code.

19

The Texas Constitution appoints the County Judge as the presiding officer of the County Commissioners, and together, the County Judge and Commissioners compose the County Commissioners Court to conduct all county business as detailed in the Constitution and laws of the State. Tex. Const. art. V, § 18(b). The Texas Transportation Code then assigns the commissioners of a county as the supervisors of the public roads in a county unless an optional system is adopted by the county. Tex. Transp. Code Ann. § 251.004(a). And generally, the commissioners court of a county shall "order that public roads be laid out, opened, discontinued, closed, abandoned, vacated, or altered[.]" *Id.* § 251.051(a)(1). The Code further empowers the commissioners court to "make and enforce all necessary rules and orders for the construction and maintenance of public roads[]" and requires that public roads be clear of all obstructions. *Id.* §§ 251.003(a)(1), .008(1).

The actions of Appellants that Epstein complains of are all actions that can only be taken within the Appellants' authority or duties as a member of the County Commissioners Court. Further, the Polk County Rules of Procedure, Conduct and Decorum at Meetings of the Polk County Commissioners Court dictate the procedures of the court and indicate that for a matter to appear on the meeting agenda, "a request must be filed with and approved by at least one member of the Commissioners Court and/or the Polk County Judge by 12:00 p.m. (noon) on the Wednesday immediately preceding the next Regular Meeting of the Commissioners

20

Court." Rules of Procedure, Conduct and Decorum at Meetings of the Polk County Commissioners Court, https://www.co.polk.tx.us/upload/page/3561/Rules%20of%20Procedure%20Conduct%20and%20Decorum.pdf (last visited on November 26, 2024). Epstein does not allege that his request was approved by a member of the Commissioners Court in order to be included on the agenda.

Epstein also alleges that Appellants refused to remove obstructions on public roads that would allow him access to his property, met with surrounding landowners to discuss the matter, failed to locate Old Walding Road, and refused to recognize Old Walding Road as a public road. The Texas Transportation Code delegates the commissioners of a county as supervisors of the public roads in a county unless an optional system is adopted by the county. Tex. Transp. Code Ann. § 251.004(a). Outside of Appellants' duty as a county commissioner and county judge, Appellants do not have authority in their individual capacities, nor a personal duty to maintain or supervise public roads in the county. There is no evidence in the record before us showing that Appellants, in their individual capacities, acted, or failed to act, in a manner outside the scope of their authority that would not be barred by governmental immunity. *See Mason*, 2013 WL 1088735, at *3. Therefore, we conclude that the pleadings contained in Epstein's Fifth Amended Petition constitute allegations that Epstein can only bring against Appellants in their official capacities. As such, Appellants are not liable in their individual capacities, and they are entitled to a

dismissal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f), in which it has been held that the phrase "under this chapter" includes suits for which immunity is not waived. *Franka*, 332 S.W.3d at 379.

We sustain Appellants' argument that Epstein has not made allegations against Appellants in their personal capacities but has only alleged actions within their official capacities.

Finally, in his Fifth Amended Petition, Epstein alleges a section 1983 claim encompassing violations of the Equal Protection Clause, Substantial Due Process, and Procedural Due Process under the Fourteenth Amendment. 42 U.S.C § 1983.

> Section 1983 provides in pertinent part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

*Id.* A claim under section 1983 must allege two essential elements: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a federally protected right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Appellants pleaded sovereign immunity, governmental immunity, official immunity, qualified immunity, and legislative immunity. In their plea to the

jurisdiction, Appellants asserted that even if true, the acts they were alleged to have committed did not deprive Epstein of a constitutionally protected right under the color of state law. They argued the only action taken by the County occurred in 1908, and Epstein failed to allege an action under the color of state law taken by these elected officials regarding the alleged road.

Epstein non-suited his official capacity claims but he did not change the facts alleged in his live pleading. He alleged that Appellants violated the Equal Protection Clause of the 14th Amendment in refusing to comply with Section 251.008(1) of the Texas Transportation Code. *See* Tex. Transp. Code Ann. § 251.008(1) ("A public road of any class must . . . be clear of all obstructions[.]"). He pleaded Appellants' refusal to comply was not rationally related to any legitimate government interest. But Epstein did not allege that the Commissioners, while acting as the Commissioners Court, voted or made an official decision to not clear a public road of all obstructions.

Epstein alleged Appellants violated Substantive Due Process under the 14th Amendment by refusing to comply with section 251.008 and remove the obstructions on Old J.A. Walding Road, Horace Bond Road, C.M. Hardy Road, and Walding Road in violation of his constitutionally protected right to access and use Old J.A. Walding Road, the only public road abutting his property. But Epstein has not pleaded facts that, if true, support a claim that the Commissioners Court took an

23

official action to block Epstein's access to his property. He pleaded that they did not remove obstructions that were naturally occurring or were placed by others who claimed they were fencing private property.

Epstein alleged Appellants violated Procedural Due Process under the 14th Amendment in that a violation of Section 251.051 intentionally and maliciously violated his constitutionally protected property rights. Section 251.051 grants general authority to the Commissioners Court to order that public roads be laid out, opened, discontinued, closed, abandoned, vacated or altered. *Id.* § 251.051(a)(1). That section requires a unanimous vote of the Commissioners Court to close, abandon, or vacate a public road. *Id.* Epstein alleged he was deprived of notice and opportunity to be heard before Appellants decided not to perform maintenance on the road. But a decision under color of law would require an act of the Commissioners Court, which Epstein pleaded did not occur.

We conclude that Epstein failed to plead facts that affirmatively state a viable claim under section 1983. *See Miranda*, 133 S.W.3d at 226-27.

Attorney's Fees

In his brief, Epstein asks this Court to declare Appellants' appeal frivolous and to award damages equal to the reasonable attorney's fees for this appeal under Rule 45 of the Texas Rules of Appellate Procedure because Appellants appealed in bad faith without an appealable judgment from the trial court. We decline to impose

24

an award of damages under the circumstances presented on the record before us in this appeal. Assuming Epstein is correct that Appellants' interlocutory appeal is not authorized pursuant to Texas Civil Practice and Remedies Code §§ 51.014(a)(8), we conclude that it is authorized pursuant to §51.014(a)(5) because Appellants' plea to the jurisdiction is based upon assertions of immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5); s*ee also Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011) ("[A]n appeal may be taken from orders denying an assertion of immunity, as provided in section 51.014(a)(5), regardless of the procedural vehicle used."). Therefore, this appeal does not present circumstances so egregious as to warrant imposition of sanctions.

## Conclusion

Having considered the subject matter jurisdiction of all of Epstein's causes of action and concluded that Epstein had standing to bring his claims but that he had not made allegations against Appellants in their personal capacities, we reverse the trial court's Order denying Appellants' Second Plea to the Jurisdiction and render judgment for the Appellants.

REVERSED AND RENDERED.

JAY WRIGHT
Justice

Submitted on September 30, 2024
Opinion Delivered February 20, 2025

Before Golemon, C.J., Wright and Chambers, JJ.